Pierre Zarokian, pro se
1201 N. Pacific Ave
Suite 103 (Submit Express)
Glendale, CA 91202
Phone | Fax  818-567-6170
Email: pierre@submitexpress.com

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Xcentric Ventures, LLC, | Case No.: 2:18-cv-3661-JZB |
| Plaintiff, | |
| vs. | **ZAROKIAN - MOTION TO STAY PENDING RESOLUTION OF RELATED ACTION** |
| Joshua Polloso Epifaniou ET AL., | |
| Defendant | |

COMES NOW Defendant Pierre Zarokian ("Zarokian") and moves to stay this action pending resolution of a related criminal action, and says:

This current action is based on allegations by Plaintiff that Defendants engaged in criminal activity by conspiring to hack into Plaintiff's website, RipoffReport.com. These same allegations are the basis of criminal complaints against both Defendants, which were filed prior to the institution of this civil action. The criminal action against Zarokian is filed as Case No. CR181626-PHX-JJT in this Court – the United States District for the District of Arizona.

On December 12, 2018, Zarokian entered into a Plea Agreement regarding the criminal charges brought against him. *See* Case No. CR181626-PHX-JJT at Doc. 12. Pursuant to the Plea Agreement, Zarokian will be sentenced by the Court in or about June of 2019 and that sentence will almost certainly include an order to pay restitution. *See* Case No. CR181626-PHX-JJT at Doc. 12 at p. 3. The amount and distribution of the restitution will be determined by the Court at

ZAROKIAN - MOTION TO STAY PENDING RESOLUTION OF RELATED ACTION - 1

sentencing. The amount and distribution of the restitution will have a direct impact on the finding of damages in this action. The plaintiff will have a chance to submit a damage report to the court for consideration. Thus, it would be a waste of judicial resources to proceed with the civil action until after the amount of restitution has been determined in the criminal action.

A district court possesses the inherent power to control its docket and promote efficient use of judicial resources. *See Landis v. North American Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863-64 (9th Cir.1979) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court.").

This Court has discretion to stay this action while the criminal case is pending. *See Keating v. Office of Thrift Supervision,* 45 F.3d 322, 324–25 (9th Cir. 1995) (in deciding whether to stay a civil case in light of a pending civil case, "the decisionmaker should generally consider the following factors: (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests

ZAROKIAN - MOTION TO STAY PENDING RESOLUTION OF RELATED ACTION - 2

of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation").

A stay of this action will not prejudice the Plaintiff because the stay will be brief and will result in the conservation of all parties' resources until the amount of damages can be determined with certainty. It is unnecessarily burdensome to spend time on money on discovery regarding damages until following the determination of the amount and distribution of restitution.

Furthermore, co-defendant Joshua Polloso Epifaniou is outside the country, has not yet been extradited, and has not been served in this action. Going forward with discovery and trial in this action while a Defendant and key witness is unavailable and outside the court's jurisdiction is impractical and would prejudice Zarokian's defense of the instant civil action. More details on Epifaniou's extradition can be found at https://cyprus-mail.com/2019/02/17/us-still-seeking-extradition-of-teen-hacker/ .

Discovery will also be more efficient for all parties once Zarokian's criminal case is resolved and he no longer needs 5th Amendment protection. The stay will not adversely impact any persons not parties to the litigation, nor will it adversely impact the interest of the public. Further, Zarokian agrees that, upon imposition of his sentence, 1) he will immediately notify Plaintiff of that fact, and 2) the stay will automatically be lifted and Xcentric may so apprise the Court.

The present schedule, and the proposed impact of this stipulated stay thereon, are as follows:

- Rule 16 conference set for April18, 2019: Plaintiff proposes that this date be reset after the sentencing;

ZAROKIAN - MOTION TO STAY PENDING RESOLUTION OF RELATED ACTION - 3

- Joint Case Management Report due April 11, 2019 (per Order dated 2/1/19, Doc. #23 @ 2:17–18): Plaintiff proposes that this date be reset after the sentencing; and

- Deadline to meet and confer re: Rule 26(f) –March 28, 2019 (per Order dated 2/1/19, Doc. #23 @ 2:12–13): Plaintiff proposes that this date be reset after the sentencing.

**WHEREFORE**, Zarokian requests that this Court stay the instant action until after his sentencing in Case No. CR181626-PHX-JJT is completed.

### CERTIFICATE OF SERVICE

I certify that on March 11, 2019, I filed the foregoing using the Court's CM/ECF system, which will serve all counsel of record electronically.

/s/Pierre Zarokian
Pierre Zarokian, pro se

ZAROKIAN - MOTION TO STAY PENDING RESOLUTION OF RELATED ACTION - 4