Charles S. Price (006197)
DICKINSON WRIGHT PLLC
1850 North Central Avenue, Suite 1400
Phoenix, AZ 85004
Phone: (602) 285-5000
Fax: (602) 285-5100
cprice@dickinsonwright.com

David S. Gingras, #021097
**Gingras Law Office, PLLC**
4802 E. Ray Road, #23-271
Phoenix, AZ 85044
Tel.: (480) 264-1400
Fax: (480) 248-3196
David@GingrasLaw.com

Attorneys for Plaintiff
Xcentric Ventures, LLC

GINGRAS LAW OFFICE, PLLC
4802 E. RAY ROAD, #23-271
PHOENIX, AZ 85044

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

Xcentric Ventures, LLC, d/b/a Ripoff Report.com,

Plaintiff,

v.

Joshua Polloso Epifaniou, et al.,

Defendants.

2:18-cv-03661-MTL

**PLAINTIFF'S MOTION TO DISMISS WITHOUT PREJUDICE**

Pursuant to Fed. R. Civ. P. 41(a)(2), Plaintiff Xcentric Ventures, LLC ("Xcentric") respectfully moves the Court to dismiss this matter without prejudice.

## I. HISTORY

As explained before, this civil matter is related to a pending criminal case involving Defendant Pierre Zarokian—*United States v. Zarokian*, Case No. 18-CR-1626-JJT (D.Ariz). Both cases arise from the criminal hacking of, and tampering with, Xcentric's website, www.RipoffReport.com.

Mr. Zarokian entered a guilty plea in the criminal matter on December 12, 2018, and he was initially scheduled to be sentenced on March 4, 2019. When Xcentric first commenced this civil action in October 2018, it believed Mr. Zarokian's criminal case would be resolved expeditiously, and Xcentric believed it would be possible to conclude this civil action in a similarly prompt manner.

Unfortunately, for reasons entirely beyond Xcentric's control, since this civil action was filed, the resolution of the criminal case against Mr. Zarokian has been seriously delayed. Specifically, Mr. Zarokian's sentencing date has been continued four separate times. Most recently, sentencing was continued from December 16, 2019 until March 6, 2020 – more than a year after the initial sentencing date. However, given the history of the criminal case, it is not at all clear that sentencing will actually occur in March 2020.

This unfortunate series of events has made it essentially impossible for Xcentric to pursue discovery in this matter. Specifically, due to the unresolved status of the criminal proceedings against him, Mr. Zarokian has refused to answer <u>any</u> written discovery in this civil case and he has indicated this will remain his position as long as the criminal case is pending.

Obviously, Mr. Zarokian's refusal to participate in discovery, standing alone, would not necessarily preclude the resolution of this civil case. For example, the Court could order Mr. Zarokian to provide discovery, and if he continued to refuse to respond, the Court could take appropriate steps up to and including striking Mr. Zarokian's Answer and entering his default.

However, while it is *clear* the Court could take steps to sanction Mr. Zarokian for refusing to participate in discovery, it is *not clear* that this would provide any meaningful value to Xcentric. This is so because one of the central purposes for Xcentric bringing this action was to obtain additional information from Mr. Zarokian regarding others who may have been involved in his illegal scheme. Unfortunately, even if Mr. Zarokian were willing to provide this information (which he clearly is not), at least some of the evidence

GINGRAS LAW OFFICE, PLLC
4802 E. RAY ROAD, #23-271
PHOENIX, AZ 85044

relating to this matter was seized by the FBI prior to Mr. Zarokian's arrest, and the U.S. Attorney's Office has informed Xcentric that this evidence cannot and will not be released so long as the criminal case remains pending. Thus, even if this Court were to order Mr. Zarokian to participate in discovery, it is possible that he would not be able to comply with such an order, insofar as at least some of the evidence Xcentric is seeking is no longer in Mr. Zarokian's custody.

For that reason, among others, and particularly in light of the amount of time that has now passed, any value that could be derived from information obtained in this civil action is simply outweighed by the cost of proceeding. Accordingly, Xcentric has determined that dismissal of this action is the most appropriate course of action, and to the extent Xcentric suffered economic losses as the result of Mr. Zarokian's actions, Xcentric is willing to limit its recovery to criminal restitution which Mr. Zarokian has already agreed to pay as part of his plea agreement.

## II. DISCUSSION

Fed. R. Civ. P. 41(a)(2) provides in relevant part:

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. … Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

"[T]he decision to grant a voluntary dismissal under Rule 41(a)(2) is addressed to the sound discretion of the District Court … ." *Kern Oil Refining Co. v. Tenneco Oil Co.*, 792 F.2d 1380, 1389 (9th Cir. 1986). "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). "Legal prejudice" means "prejudice to some legal interest, some legal claim, some legal argument." *Id.* at 976. This narrow definition does not consider the defendant's expenses; "[T]he expense incurred in defending against a lawsuit does not amount to legal prejudice." *Westland Water Dist. v. United States,* 100 F.3d 94, 97 (9th Cir. 1996).



GINGRAS LAW OFFICE, PLLC
4802 E. RAY ROAD, #23-271
PHOENIX, AZ 85044

Here, dismissal of this action *without* prejudice will not and could not result in any prejudice to Mr. Zarokian. Indeed, the statute of limitations for the sole claim against Mr. Zarokian has expired. *See* 18 U.S.C. § 1030(g) (providing "No action may be brought under this subsection unless such action is begun within 2 years of the date of the act complained of or the date of the discovery of the damage.") Because it is impossible for Xcentric to re-file this action once it is dismissed, there is no basis for Mr. Zarokian to argue that he would somehow be prejudiced by the potential for future litigation between the parties involving the same claim(s).

It is conceivable, however, that in the event of a dismissal with prejudice, Mr. Zarokian could argue that such a dismissal could have some preclusive effect with respect to Xcentric's right to criminal restitution. Xcentric has investigated and analyzed that issue and believes such an argument would not prevail. It is possible, though, the judge in the criminal case could take a different view of that issue, and in any event it would entail some legal expense to resolve it. The most efficient and equitable way to avoid such issues is for this Court to simply dismiss this matter without prejudice, as Rule 41(a)(2) specifically permits.

**III. CONCLUSION**

For the reasons stated above, Xcentric respectfully requests that this matter be dismissed without prejudice.

DATED December 17, 2019.

**GINGRAS LAW OFFICE, PLLC**

/s/ David S. Gingras
David S. Gingras

Charles S. Price (006197)
**DICKINSON WRIGHT PLLC**
1850 North Central Avenue, Suite 1400
Phoenix, AZ 85004

Attorneys for Plaintiff

GINGRAS LAW OFFICE, PLLC
4802 E. RAY ROAD, #23-271
PHOENIX, AZ 85044

GINGRAS LAW OFFICE, PLLC
4802 E. RAY ROAD, #23-271
PHOENIX, AZ 85044

**CERTIFICATE OF SERVICE**

I hereby certify that on December 17, 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, and by email to:

Pierre Zarokian
1201 N. Pacific Avenue, #103
Glendale, CA 91202
pierre@submitexpress.com
Defendant Pro Se

/s/David S. Gingras